UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MOSHE AVRAMHAM, also known as MARVIN
ARNOLD POLLACK,

                              Plaintiff,

                  -against-

NYS OMH, et al.,

                              Defendants.

20-CV-9382 (LLS)

ORDER OF DISMISSAL

LOUIS L. STANTON, United States District Judge:

Plaintiff, appearing *pro se*, brings this action *pro se*. By order dated November 23, 2020, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis*. The Court dismisses the complaint for the reasons set forth below.

## STANDARD OF REVIEW

The Court must dismiss a complaint, or portion thereof, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). While the law mandates dismissal on any of these grounds, the Court is obliged to construe pro se pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

A claim is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989), *abrogated on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *see also Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (holding that "finding of factual frivolousness is appropriate when the facts alleged rise to the

level of the irrational or the wholly incredible"); *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) ("[A]n action is 'frivolous' when either: (1) the factual contentions are clearly baseless . . . ; or (2) the claim is based on an indisputably meritless legal theory.") (internal quotation marks and citation omitted).

## BACKGROUND

The complaint is largely illegible and to the extent that it can be read, it does not appear to provide any coherent information.[1] Plaintiff does not include any defendants in the caption of the complaint, but rather writes, "Please see attached schedules of all identified defendants subject to add, [illegible], to be provided as soon as possible." (ECF No. 2, at 1.) The "facts" section of the complaint form, which is also illegible, appears to be a list of defendants that begins with "NYS OMH."[2] (*See id.* at 4-5.)

In the section of the complaint form asking for his prisoner status, Plaintiff checks the box labeled "other" and writes that he is currently being held at Mid-Hudson Forensic Psychiatric Facility (MHFPC) pursuant to CPL § 220.15, but he never pleaded guilty or took a plea bargain. He maintains that he is a "United States enrolled agent," but is not currently in good standing "solely because MHFPC denies [him] access to a dedicated internet United States [of America] Department of the Treasury IRS website where [he] could satisfy [his] continuing professional education (CPE) . . . ." (*Id.* at 3.) In the section of the form to describe the injuries

---

[1] This is the second action Plaintiff has filed in which the complaint is virtually unreadable. *See Avramham v. The Gvent State of New York*, ECF 1:20-CV-4441, 3 (S.D.N.Y. July 14, 2020) (dismissing the complaint, which Plaintiff appears to have brought on behalf of another individual known only as "Flores," for failure to state a claim without prejudice to any claims "Flores" may assert on his own behalf).

[2] It is the Court's understanding that the Clerk of Court listed "NYS OMH" as the defendant on the docket because a defendant is required to open the action and "NYS OMH" was the only potential defendant that could be easily identified.

he suffered as a result of the defendants' actions, Plaintiff writes (three times), "Please see annexed schedules."[3] (*Id.* at 5.) Plaintiff writes that he is seeking monetary relief in the amount of a series of "9"s followed by a number of infinity signs. (*See id.* at 6.)

## DISCUSSION

Even when read with the "special solicitude" due *pro se* pleadings, *Triestman*, 470 F.3d at 474-75, the complaint must be dismissed as frivolous. Plaintiff fails to comply with even the most minimal of pleading requirements. The complaint is illegible, making it unclear who he is suing. The complaint does not state when or where the events giving rise to Plaintiff's claims occurred, and includes no facts suggesting that Plaintiff is entitled to any form of legal relief. In fact, the Court is hard-pressed to discern any factual allegations at all. The complaint's request for relief – an infinite amount of money – further confirms that it frivolous. The Court therefore dismisses the complaint as frivolous. 28 U.S.C. § 1915(e)(2)(B)(i).

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend and dismisses the action as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

---

[3] The complaint does not appear to include any "annexed schedules."

Plaintiff's complaint is dismissed as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i).

SO ORDERED.

Dated:    December 11, 2020
          New York, New York

_____
          LOUIS L. STANTON
          U.S.D.J.